```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **YOLANDA BUCKLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2072** |
| **SHAWN MOORE, UNITED PARCEL SERVICE OF AMERICA AND UNITED PARCEL SERVICE, INC.** | **SECTION "B"(1)** |

## ORDER AND REASONS

Considering parties' joint motion to modify scheduling order and continue trial setting (Rec. Doc. 27), and for reasons that follow,

**IT IS ORDERED** that the motion is **GRANTED to allow an extension of discovery, dispositive motion deadlines, and the final pretrial conference; and DENIED insofar as it sought a continuance of trial.**

**All discovery shall be completed no later than November 11, 2022; motions in limine and dispositive motions shall be filed <u>in time to permit submission or hearing on or before November 30,2022</u>; and the final pretrial conference shall occur on December 7, 2022 at 9:00 a.m. by Zoom video. A Zoom access link will be emailed about seven days beforehand.**

Fed. R. Civ. P. 16(b)(4) states, "[a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court uses four factors to determine if there is good cause under Rule 16: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the

[modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotations omitted) (quoting *Meaux Surface Prot., Inc. v. Folgeman*, 607 F.3d 161, 167 (5th Cir. 2010)).

Courts have held that "engaging in settlement discussions does not constitute good cause for modification of a scheduling order." *Holder v. Healthcare Serv. Corp.*, No. 3:18-CV-2704-L, 2020 WL 95634, at *3 (N.D. Tex. Jan. 8, 2020); *see, e.g., Rivera v. Cnty. of Willacy*, No. CIV.A. B-06-189, 2007 WL 1655303, at *1 (S.D. Tex. June 6, 2007) ("the mere possibility of settlement does not meet the standard of good cause for amending the Court's scheduling order."). In *Rivera*, the court notes that the parties failed to provide why their settlement discussions would prevent them from meeting the deadlines in the scheduling order and held that the parties had "not shown that, despite their diligence, they will still be unable to meet the Court's deadlines." *Rivera*, 2007 WL 1655303, at *1.

Here, the parties state that, "[settlement] discussions, while not yet dispositive, *may* ultimately resolve the case … [with] certain aspects of discovery … delayed due to … efforts to pursue settlement prior to incurring the costs and time associated with discovery." Rec. Doc. 27 at 2 (emphasis added). We commend their efforts to achieve amicable resolution. However, the mere possibility of settlement is not good cause to grant extension of the December 12,

2

2022 trial date, particularly with an ordered extension of other pertinent deadlines. This is not a complex or particularly unusual case. While the parties do not demonstrate how settlement discussions prevent them from meeting existing deadlines, we allowed a modest extension of deadlines in an effort to facilitate their completion of remaining work.

New Orleans, Louisiana this 6th day of October 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE