UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**YOLANDA BUCKLEY**                                                **CIVIL ACTION**

**VERSUS**                                                         **NO. 21-2072**

**SHAWN MOORE, UNITED PARCEL SERVICE**                             **SECTION "B"(1)**
**OF AMERICA AND UNITED PARCEL**
**SERVICE, INC.**

<u>**ORDER AND REASONS**</u>

Considering the parties' amended joint motion to modify scheduling order and continue trial setting (Rec. Doc. 35), and for reasons that follow,

**IT IS ORDERED** that the motion is **GRANTED to allow an extension of discovery; and DENIED insofar as it sought a continuance of dispositive motion deadlines, of the final pretrial conference and of trial. All discovery shall be completed no later than November 21, 2022.**

Fed. R. Civ. P. 16(b)(4) states, "[a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2012)). The Court uses four factors to determine if there is good cause under Rule 16:

1

"(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotations omitted) (quoting *Meaux Surface Prot., Inc. v. Folgeman*, 607 F.3d 161, 167 (5th Cir. 2010)).

Parties previously sought a continuance in a joint motion to modify scheduling order and continue trial setting, in which parties claimed that "certain aspects of discovery have been delayed due to the Parties' diligent efforts to pursue settlement . . . ." Rec. Doc. 27 at 2. While parties expressed their hope that settlement discussions would ultimately resolve the case, this Court found that "the mere possibility of settlement is not good cause to grant extension of the December 12, 2022 trial date . . . ," as parties did not demonstrate how settlement discussion prevented them from meeting existing deadlines. Rec. Doc. 33 at 2-3. However, this Court did allow an extension of discovery from November 1, 2022, to November 11, 2022; an extension of the dispositive motions deadline to permit submission or hearing on or before October 26, 2022 to November 30, 2022; and an extension of the final pretrial conference from December 1, 2022, to December 7, 2022. *Id.* at 1.

In their amended motion to continue, parties now allege "circumstances have changed since September 2022 . . . ,"

2

warranting an extension of all dates and deadlines. Rec. Doc. 35 at 2.

Parties state that plaintiff's second set of interrogatories and requests for production on defendants were served in September 2022 and responded to in October 2022. *Id.* Further, that immediately following the issuing of the Order and Reasons on the first motion to continue (Rec. Doc. 33), plaintiff served a third set of discovery on defendants and requested a site inspection of the UPS facility. *Id.* at 3. The foregoing third "paper discovery" tool unexplainably came on the eve of discovery deadlines. Moreover, the site inspection request should have been made at the early stages of this litigation rather than on the eve of discovery deadlines.

Parties contend that on August 13, 2020, plaintiff requested all video footage of the May 27, 2020, incident involving defendant Moore and plaintiff, and defendant advised plaintiff that the footage had been preserved and would be maintained. *Id.* at 4. However, in August of 2022, in response to discovery request, plaintiff was made aware that the original video footage had been lost or destroyed. *Id.* After receiving discovery responses with names of the individuals who last had access to the footage or viewed the footage, plaintiff seeks to depose three additional UPS defendants, as well as defendant Moore, whose deposition is already scheduled, again on the eve of discovery rather than earlier. *See*

3

*id.* at 3-4. Parties conclude that "the current status of the significant additional discovery warrants good cause to continue the discovery deadline, dispositive motion deadline, pre-trial hearing date, and trial setting." *Id.* at 4. Parties have waited too long to avoid the "additional discovery" they now seek at the eleventh hour.

The Fifth Circuit has made it clear that the parties must show that the deadlines cannot reasonably be met despite the parties' diligence. *See Squyres*, 782 F.3d at 237 (quoting *Filgueira*, 734 F.3d at 422). Here, parties have not met this burden as they cannot demonstrate a diligent effort to adhere to the scheduling order. Plaintiff requested all video footage of the incident on August 13, 2020, and sometime thereafter was advised that the footage would be maintained for production in these proceedings, however, plaintiff was later advised in August of 2022, that the footage was no longer available. *See* Rec. Doc. 35 at 4. Two years elapsed from the request of the video to the discovery that it was destroyed or lost; this cannot be said to be a diligent effort to adhere to the discovery deadline. At the very least, a motion to compel production of the video should have been filed in 2020 when it was reportedly being maintained.

When addressing the first factor to determine good cause under Fed. R. Civ. P. 16, parties offer little reason as to why discovery was delayed until just before the discovery deadline, or why nearly

4

three months has been insufficient to conduct the necessary discovery in light of discovering the video was lost or destroyed in August 2022. While parties argue circumstances have changed since September 2022, this is not the case. The circumstances seemingly remain the same as they presented in August 2022, before parties' first motion to continue was filed, however this is the first-time parties are bringing these issues before the court. This factor weighs heavily against granting a continuance.

The second factor concerns the importance of the modification of the scheduling order. The parties argue that extension of the discovery deadline is necessary due to the additional three disposition plaintiff intends to seek in accord with defendants October 2022 discovery response, again on the eve of approaching discovery and motion deadlines. Rec. Doc. 35 at 3-4. Because the video footage of the incident is reportedly unavailable, testimony of the defendant Moore, plaintiff, and the individuals who watched the video prior to it being lost or destroyed become the focus of avoidable last-hour work.

The third and fourth factors concern prejudice to the non-movant, however, the Court is presented with a joint motion. Parties argue that plaintiff will be prejudiced if a continuance is not granted as she will not "receive all discovery needed to pursue her claims by the November 11 deadline . . . ," and "all Parties would indeed be prejudiced by not having ample time to

5

evaluate and thoroughly respond to discovery requests, coordinate and attend the aforementioned site inspection, and prepare and defend three of the UPS Defendants' witnesses for their depositions all by the November 11 deadline." *Id.* at 4-5. Prejudice, if any, here arise from parties' failures to timely act in sufficient time to avoid their self-imposed time constraints.

However, "[n]otwithstanding this four-factor test, the court still has the 'inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion.'" *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (quoting *U.S. v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978)). According to the Fifth Circuit:

> When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's.

*HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986)). This case was initially filed in state court in May 2021, removed to this court in November 2021, and is not particularly complex or unusual. Parties are reminded that they must work with each other and the court "to secure the just, speedy, and inexpensive determination" of this action. FRCP 1. We cannot reward dilatory conduct that impedes that directive.

The questionable work remaining should be reconsidered with every good faith intention to achieve whatever's necessary to get it done in a timelier fashion. The motion to continue the dispositive motions deadline, and pretrial and trial dates must be denied.

However, to further facilitate the completion of remaining work despite parties demonstrating a lack of diligence to adhere to the scheduling order and providing little explanation for failure to timely comply with the order, we further extend the discovery deadline as set forth above.

New Orleans, Louisiana this 24th day of October 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE